IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE M. DELALLA, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 10-858 |
| HANOVER INSURANCE, et al. | : | |

## MEMORANDUM AND ORDER RE: DEFENDANTS' MOTIONS AND PLAINTIFFS' AMENDED COMPLAINT

**Baylson, J.**                                                                                   **May 26, 2010**

This case was recently transferred to this Court and the undersigned as the result of an Order from the U.S. District Court of the District of New Jersey. The case had originally been filed in the Superior Court of New Jersey, Camden County, and removed to U.S. District Court, where Defendants requested its transfer to this Court; this request was granted by District Judge Robert Kugler.

The Complaint alleges that Plaintiffs were defendants in another litigation, the "underlying action" brought in this District, Civil Action No. 04-1775, which was settled, but that Defendants in the present case breached their obligations to Plaintiffs by entering into the settlement agreement. Specifically, Plaintiffs claim bad faith and breach of contract against Defendant Hanover Insurance ("Hanover"), and legal malpractice against Defendants Joseph Oberlies and the law firm of Webber, Conner & Oberlies[1] (collectively "law firm Defendants").

In response to the Complaint, Defendant Hanover filed a Motion for Judgment on the Pleadings or for Summary Judgment in the District of New Jersey. The law firm Defendants

---

[1]According to Defendants, the law firm's name is improperly stated in Plaintiffs' Complaint and the caption of this case, and instead should read "Connor Weber & Oberlies."

filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), also in the District of New Jersey. These Motions were undecided as of the date of transfer to this Court.

Oral argument was held on May 24, 2010. For the reasons stated on the record at the argument, which will not be repeated in this Memorandum and Order, the Court has decided to require Plaintiffs to file an Amended Complaint under the authority of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), because of the inherent implausibility of a number of the allegations in the pending Complaint. Specifically, Plaintiffs describe no motive and do not explain any plausible reason why Defendant Hanover and the law firm Defendants, as alleged, would want to conspire together to harm their insured/client, Plaintiffs. Furthermore, the documents attached to the pending Motion, principally the Settlement Agreement entered into in the underlying litigation and signed on behalf of Plaintiffs in this case, acknowledges that Plaintiffs received independent legal advice and includes other terms which defy the conclusory allegations of the present Complaint that the Defendants conspired, that Hanover acted in bad faith, and/or that the law firm Defendants are liable to Plaintiffs for legal malpractice.

Nonetheless, the Court cannot accept these documents for the truth of the matter asserted therein without allowing for discovery. However, Plaintiffs must detail the facts supporting their claims and plead a plausible cause of action. In addition, although Plaintiffs do not use the allegation of "fraud" in the Complaint, Plaintiffs' briefs in opposition to Defendants' Motions is full of allegations of falsity and mistake. The Court will not consider those arguments when appropriate allegations of fraud and mistake are not made, because Plaintiffs may be attempting to avoid the requirement of Fed. R. Civ. P. 9(b), requiring pleading with particularity as to allegations of fraud and mistake.

There are also issues as to the discovery of the facts supporting Plaintiffs' claims, which relate to whether the statute of limitations for those claims has run, particularly if Pennsylvania law applies. Plaintiffs shall plead these facts as well.

As noted at the argument, the Court will deny Defendants' Motions without prejudice, but they may be renewed upon praecipe, with supplemental briefing if Defendants so desire after Plaintiffs file an Amended Complaint. What already is filed should not be refiled.

If Plaintiffs do not believe that they should be required to file an Amended Complaint, they can simply refuse to do so and then the Complaint will be dismissed with prejudice and Plaintiffs can appeal.

The Court also notes, as stated at the oral argument, that a number of the documents imply that Plaintiffs' current counsel may be a witness as to the allegations of the Complaint; if this is so, he cannot represent Plaintiffs in this case.

For the foregoing reasons, Defendants' Motions are DENIED without prejudice and Plaintiffs shall file an Amended Complaint within thirty (30) days.

BY THE COURT:

/s/ Michael M. Baylson
_____
Michael M. Baylson, U.S.D.J.

O:\CIVIL 09-10\10-858 Delalla v. Hanover\Delalla v. Hanover - memo oral arg.wpd